UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>v.<br><br>TROY WILLIAM TINGLEY, YWCA WEST CENTRAL MICHIGAN and RUTHIE PAULSON,<br><br>             Defendants. | Case No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

West Bend Mutual Insurance Company ("West Bend"), through its attorneys, Husch Blackwell LLP, as and for its Complaint for Declaratory Judgment, states as follows:

**INTRODUCTION**

1.      YWCA West Central Michigan and Ruthie Paulson (collectively, the "YWCA Defendants") have been named as defendants in a lawsuit captioned *Tingley v. State of Michigan et al.*, 1:20-CV-00094, U.S. District Court for the Western District of Michigan (Southern Division) (the "Underlying Action").

2.      The Underlying Action arises out of events pertaining to Troy William Tingley's custody of his children and alleged violations of Tingley's civil and constitutional rights.

3.      On August 4, 2020, Tingley filed an amended complaint (the "Underlying Complaint") in the Underlying Action.  (The Underlying Complaint is attached hereto as Exhibit A.)

HB: 4834-2681-7481.2

4. West Bend issued a policy of insurance bearing number 0947880 13 (the "Policy") to YWCA West Central Michigan. (The Policy is attached hereto as Exhibit B.)

5. The YWCA Defendants tendered the defense of the Underlying Action to West Bend.

6. The Policy does not provide coverage to the YWCA Defendants for the claims asserted in the Underlying Action.

7. Notwithstanding West Bend's position that the Policy does not provide coverage, West Bend is providing a defense to the YWCA Defendants in the Underlying Action, subject to a full and complete reservation of rights.

8. An actual controversy has arisen and now exists concerning West Bend's coverage obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

9. West Bend seeks declaratory judgment that the Policy does not provide coverage to the YWCA Defendants for the claims asserted in the Underlying Action and therefore, West Bend has no duty to defend or indemnify the YWCA Defendants against the claims asserted in the Underlying Action.

## THE PARTIES

10. West Bend is a Wisconsin citizen because it is a Wisconsin mutual insurance company with its principal place of business at 1900 S. 18th Ave, West Bend, WI 53095.

11. West Bend has no parent corporation. No publicly-held corporation owns ten percent or more of the stock of West Bend.

12.    YWCA West Central Michigan is a Michigan citizen because it is a Michigan nonprofit corporation with its principal place of business at 25 Sheldon Boulevard, SE, Grand Rapids, MI 49503.

13.    Paulson is a Michigan citizen who administered the Safe Connections Program for Defendant YWCA West Central Michigan. Paulson maintained her principal office at 25 Sheldon Boulevard, SE, Grand Rapids, MI 49503.

14.    Tingley is a Michigan citizen residing in the Township of Ada, Michigan, County of Kent.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because the allegations in the Underlying Action arise under 42 U.S.C. §§ 1983 and 1985, and this lawsuit involves a determination of West Bend's coverage obligations in relation to those allegations.

16.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between West Bend, YWCA West Central Michigan, Paulson, and Tingley, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this judicial district.

## THE UNDERLYING ACTION

A.    **Factual Background.**

18.    The Underlying Action arises out of events pertaining to Tingley's custody of his children and alleged violations of Tingley's civil and constitutional rights.

19. The allegations in the Underlying Action span the period of time from July 2013 to approximately July 2019.

20. However, the majority of the allegations in the Underlying Action are directed solely at other named defendants in the Underlying Action, or are otherwise inapplicable to the YWCA Defendants.

21. The allegations against the YWCA Defendants are limited to the five-month period of time from May 5, 2017 to October 12, 2017, during which the YWCA Defendants supervised Tingley's visitation time with his children pursuant to a contract with the Michigan Department of Health and Human Services ("MDHHS") and/or Kent County Department of Health and Human Services ("Kent County MDHHS").  Ex. A, 8-9, ¶¶ 33 and 45, ¶ 379.

22. The Underlying Action alleges the YWCA Defendants acted under color of law when supervising Tingley's visitation time with his children. *Id.*, 8-9, ¶ 33.

23. The Underlying Action alleges Kent County MDHHS staff selected YWCA West Central Michigan to supervise Tingley's visitation time through the Safe Connections program in or around April 2017. *Id.*, 37, ¶¶ 299-303 and 45, ¶ 379.

24. The Underlying Action alleges the YWCA Defendants allowed Tingley to see his children for two hours per week, under supervision. *Id.*, 47, ¶ 394.

25. The Underlying Action alleges Paulson cancelled visitation time between Tingley and his daughter. *Id.*, 48, ¶ 400.

26. The Underlying Action alleges Tingley was subjected to parenting time rules beyond those rules typically applicable to participants in the Safe Connections program. *Id.*, 48-49, ¶¶ 403-405.

HB: 4834-2681-7481.2

27. The Underlying Action alleges the YWCA Defendants did not provide Tingley with the additional rules governing his visitation time until September 2017. *Id.*, ¶¶ 402, 413.

28. The Underlying Action alleges Paulson "mischaracterized the nature and extent of … parenting time reports" concerning Tingley's visitations with his children, and refused to provide Tingley with the parenting time reports. *Id.*, 50, ¶¶ 418, 421-23.

**B.     The Legal Claims.**

29. The Underlying Action alleges the following counts against the YWCA Defendants: (1) violation of Tingley's constitutional right to parent, *id.*, 67, ¶¶ 551-553; (2) violation of Tingley's 14th Amendment procedural and substantive due process rights, *id.*, 67-68, ¶¶ 554-568; (3) violation of Tingley's 1st Amendment right to engage in protected speech and conduct when communicating with his children, *id.*, 69-70, ¶¶ 576-579; (4) broad-based conspiracy to violate Tingley's civil rights, together with other named defendants in the Underlying Action, *id.*, 71, ¶¶ 589-592; and (5) conspiracy to deprive Tingley of equal protection of the laws in violation of 42 U.S.C. § 1985, together with other named defendants in the Underlying Action, *id.*, 72, ¶¶ 593-597.

30. The Underlying Action alleges YWCA West Central Michigan, as a third-party, non-governmental agency, engaged in the exercise or discharge of a governmental function by supervising Tingley's visitation time with his children. *Id.*, 63-64, ¶¶ 529, 531-32.

31. The Underlying Action alleges the YWCA Defendants acted "under color of law" and "knowingly" to deprive Tingley of his civil rights. *Id.*, 10, ¶ 40.

32. The Underlying Action alleges that because the YWCA Defendants "acted knowingly, recklessly and in disregard of well-established law, with no objectively reasonable basis for their actions, they do not have qualified immunity." *Id.*

HB: 4834-2681-7481.2

33. The Underlying Action alleges the YWCA Defendants "knowingly violated provisions of federal and Michigan statutes, MDHHS policies, and their own internal policies based upon these other mandates, that are unambiguous, intended to protect families and children, and mandatory." *Id.*, 65, ¶ 538.

34. The Underlying Action alleges the YWCA Defendants "intentionally applied different and ambiguous parenting time rules" to Tingley. *Id.*, 68, ¶ 560.

35. The Underlying Action alleges the YWCA Defendants "intentionally refused to provide parenting time reports" to Tingley. *Id.*, ¶ 561.

36. The Underlying Action alleges the YWCA Defendants "intentionally mischaracterized parenting time reports" regarding Tingley's visitations with his children. *Id.*, ¶ 562.

37. The Underlying Action alleges Paulson "took action against [Tingley], through arbitrary, capricious, and secretive parenting time rules that deterred [Tingley] from [protected] speech and conduct." *Id.*, 70, ¶ 578.

38. The Underlying Action alleges Paulson "did not want [Tingley] to engage in such speech or conduct." *Id.*, ¶ 579.

39. The Underlying Action alleges the YWCA Defendants, together with other named defendants in the Underlying Action, "shared a common discriminatory objective" and "entered [a] conspiracy for the purpose of depriving, either directly or indirectly, [Tingley] of the equal protection of the laws." *Id.*, 72, ¶¶ 594-95.

## THE POLICY

40. The Policy that West Bend issued to YWCA West Central Michigan contains form CG 00 01 04 13-Commercial General Liability Coverage Form (the "Commercial General

Liability Form"), which provides Personal and Advertising Injury Liability coverage subject to the terms and conditions therein. *See* Ex. B at WBMI000207, WBMI000212.

41. The Personal and Advertising Injury Liability coverage "applies to 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period." *Id.* at WBMI000212.

42. The Policy defines "personal and advertising injury" as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*Id.* at WBMI000221.

43. The Personal and Advertising Injury Liability coverage thus applies only to specifically enumerated offenses as defined in the Policy. *See id.*

44. The definition of "personal and advertising injury" does not include any injury arising out of the following offenses: (1) violation of a person's constitutional right to parent; (2) violation of a person's 14th Amendment procedural and substantive due process rights; (3) violation of a person's 1st Amendment right to engage in protected speech and conduct when communicating with his or her children; (4) violation of a person's civil rights as part of a broad-

-7-

based conspiracy; and (5) violation of a person's right to equal protection of the laws as part of a conspiracy. *See id*.

45. The Policy contains various exclusions to the Personal and Advertising Injury Liability coverage, including: (1) a Knowing Violation Of Rights Of Another Exclusion; and (2) a Material Published With Knowledge Of Falsity Exclusion. *Id.* at WBMI000212.

46. The Knowing Violation Of Rights Of Another Exclusion precludes coverage for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury". *Id.*

47. The Material Published With Knowledge Of Falsity Exclusion precludes coverage for "personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity. *Id.*

48. The Policy contains an Exclusion – Discrimination Endorsement (the "Discrimination Exclusion") which modifies coverage provided under the Commercial General Liability Form. *Id.* at WBMI000261.

49. The Discrimination Exclusion precludes coverage for "personal injury", "advertising injury", and "personal and advertising injury" arising out of discrimination of any person. *Id.*

## CLAIM ONE
## DECLARATORY JUDGMENT REGARDING COVERAGE UNDER THE POLICY

50. West Bend realleges and incorporates by reference Paragraphs 1 through 49.

51. The Policy does not provide coverage to the YWCA Defendants for the claims asserted in the Underlying Action.

52. West Bend therefore does not have a duty to defend or indemnify the YWCA Defendants against the claims asserted in the Underlying Action.

## CLAIM TWO
## DECLARATORY JUDGMENT REGARDING THE PERSONAL AND ADVERTISING INJURY LIABILITY COVERAGE

53. West Bend realleges and incorporates by reference Paragraphs 1 through 52.

54. The Personal and Advertising Injury Liability coverage does not provide coverage to the YWCA Defendants for the claims asserted in the Underlying Action because the injuries alleged in the Underlying Action do not arise out of any of the specifically enumerated offenses constituting "personal and advertising injury" as defined in the Policy.

55. West Bend therefore does not have a duty to defend or indemnify the YWCA Defendants against the claims asserted in the Underlying Action.

## CLAIM THREE
## DECLARATORY JUDGMENT REGARDING THE KNOWING VIOLATION OF RIGHTS OF ANOTHER EXCLUSION

56. West Bend realleges and incorporates by reference Paragraphs 1 through 55.

57. The Knowing Violation Of Rights Of Another Exclusion precludes coverage for the YWCA Defendants for the claims asserted in the Underlying Action because the Underlying Action alleges the YWCA Defendants acted knowingly to deprive Tingley of his civil and constitutional rights.

58. The Knowing Violation Of Rights Of Another Exclusion precludes any possibility that West Bend will have a duty to indemnify the YWCA Defendants because, if the YWCA Defendants are not entitled to qualified immunity in the Underlying Action, then they necessarily acted knowingly to violate Tingley's civil and constitutional rights and therefore, the Exclusion precludes coverage.

59. West Bend therefore does not have a duty to defend or indemnify the YWCA Defendants against the claims asserted in the Underlying Action.

## CLAIM FOUR
## DECLARATORY JUDGMENT REGARDING THE
## MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY EXCLUSION

60. West Bend realleges and incorporates by reference Paragraphs 1 through 59.

61. The Material Published With Knowledge Of Falsity Exclusion precludes coverage for the YWCA Defendants for the claims asserted in the Underlying Action because the Underlying Action alleges the YWCA Defendants intentionally mischaracterized the parenting time reports regarding Tingley's visitations with his children.

62. West Bend therefore does not have a duty to defend or indemnify the YWCA Defendants against the claims asserted in the Underlying Action.

## CLAIM FIVE
## DECLARATORY JUDGMENT REGARDING THE
## DISCRIMINATION EXCLUSION

63. West Bend realleges and incorporates by reference Paragraphs 1 through 62.

64. The Discrimination Exclusion precludes coverage for the YWCA Defendants for the claims asserted in the Underlying Action because the Underlying Action alleges the YWCA Defendants had a discriminatory objective for depriving Tingley of his civil and constitutional rights.

65. West Bend therefore does not have a duty to defend or indemnify the YWCA Defendants against the claims asserted in the Underlying Action.

HB: 4834-2681-7481.2

WHEREFORE, West Bend requests that the Court:

A. Declare the Policy, including but not limited to the Personal and Advertising Injury Liability coverage, does not provide coverage to the YWCA Defendants for the claims asserted in the Underlying Action and therefore, West Bend has no duty to defend or indemnify the YWCA Defendants in the Underlying Action;

B. Declare the Knowing Violation Of Rights Of Another, Material Published With Knowledge Of Falsity and Discrimination exclusions preclude coverage for the YWCA Defendants for the claims asserted in the Underlying Action and therefore, West Bend has no duty to defend or indemnify the YWCA Defendants in the Underlying Action;

C. Award West Bend its costs, disbursements, and fees as permitted by law; and

D. Grant such other relief as the Court deems just and equitable.


Dated: September 18, 2020              Respectfully submitted,


                                       By:/s *AJ Fabianczyk*
                                           AJ Fabianczyk
                                           Jason R. Fathallah (admission pending)
                                           HUSCH BLACKWELL LLP
                                           555 East Wells Street, Suite 1900
                                           Milwaukee, Wisconsin 53202-3819
                                           Telephone: 414.273.2100
                                           Fax: 414.223.5000
                                           aj.fabianczyk@huschblackwell.com
                                           jason.fathallah@huschblackwell.com


                                           *Attorneys for Plaintiff, West Bend Mutual Insurance Company*